UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANE DOE | ) |
|     Plaintiff. | ) ) ) ) Case No: 1:19-cv-02242-RLY-MJD |
| VS. | ) ) ) |
| LEBANON COMMUNITY SCHOOL CORPORATION, | ) ) ) |
|     Defendant. | ) |

**UNOPPOSED MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM**

Plaintiff, Jane Doe, by Counsel, hereby respectfully moves the Court, pursuant to LOCAL RULE 10-1 to proceed under the Pseudonym "Jane Doe" in this case so as to protect Plaintiff from public exposure of sensitive, private information, and in support states as follows:

1. This matter involves alleged sexual harassment and bullying against Plaintiff.

2. Plaintiff filed the Complaint under a pseudonym ("Jane Doe") due to the extremely sensitive and personal nature of this matter, sexual harassment/bullying. Plaintiff seeks to avoid shame, embarrassment and further psychological damage, as this case involves matters of utmost intimacy.

3. In addition to herself, Plaintiff used pseudonyms to identify others similarly situated in the matter. Although they are not a party to this case, the potential harm from the disclosure of their identity exceeds the value of disclosing the identities to the public.

4. Counsel for the Defendant has been made aware of this Motion and does not object.

5. Although the use of fictitious names is generally disfavored in federal courts, federal courts have found that "a district court may have the discretion to permit a party to proceed under a fictitious name. This unusual practice has been permitted in exceptional cases where the party has a privacy right so substantial as to outweigh the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* at 1208 (quoting *Doe v. Ind. Black Expo*, 923 F. Supp. 137, 139 (S.D. Ind. 1996)).

6. Several factors have been identified by federal courts to assist in determining when the use of a fictitious name is appropriate. Those factors are set forth in *Doe v. Ind. Black Expo*, 923 F. Supp. 137, 140 (S.D. Ind. 1996):

    (1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk suffering injury if identified; (5) whether the party defending against a suit brought under an anonym would be prejudiced; (6) whether the interests of children are at stake; (7) whether there are less drastic means of protecting legitimate interests of either the party seeking anonymity or the opposing party;
    (8) the extent to which the identity of the litigant has been kept confidential; and
    (9) the public interest in knowing the litigant's identities.

7. Factors (2), (4), and (5) are relevant to the analysis here. Plaintiff should be permitted to proceed anonymously because this matter is of the utmost intimacy, could potentially cause further harm to Plaintiff, and is absent of any prejudice to Defendant. Plaintiff does not need to satisfy every factor in the above list, but instead, this list provides guidance for the Court about areas that should be considered in allowing a Plaintiff to proceed anonymously.

8. Second, if Plaintiff were forced to reveal her name and be identified, Plaintiff could risk suffering additional injury. Plaintiff has already been forced to leave Lebanon Community School Corporation. Publication of her name could cause her to suffer further damage from being stigmatized by his community and denied access to needed services.

9. Lastly, there is no risk to prejudice to Defendant if Plaintiff is permitted to proceed anonymously. Defendant has been, and will continue to be, aware of Plaintiff's identity at all times.

WHEREFORE, Plaintiff respectfully asks this Court to grant Plaintiff's Unopposed Motion to Pursue Under Pseudonym in this lawsuit, as "Jane Doe", and for any further relief this Court deems proper.

Respectfully submitted,

HOCKER & ASSOCIATES, LLC

_/s/ Brett E. Osborne_____
Brett E. Osborne
Attorney No: 17492-45
6626 E. 75TH Street, Suite 410
Indianapolis, Indiana 46250
Attorney for Plaintiff

**Dated: June 27, 2019**

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 27th day of June, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties via electronic mail.

              /s/ Brett E. Osborne
              Brett E. Osborne

All parties of record.