UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-02242-RLY-MJD |
| ) | |
| LEBANON COMMUNITY SCHOOL ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION TO PROCEED UNDER PSEUDONYM**

This matter is before the Court on Plaintiff's *Motion to Proceed Under Pseudonym* [Dkt. 15], requesting that the Court allow her to pursue this action anonymously due to the nature of her allegations. For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion.

I.   **Background**

Plaintiff alleges that when she was a twelve-year-old, seventh-grade student at Lebanon Middle School, a male freshman at Lebanon High School coerced Plaintiff into providing nude images. [Dkt. 1 at 5.] The student then kept and shared the images with other students. [*Id.*] Moreover, Plaintiff was shown to be depicted in sexual situations in videos that were shared among the student body. [*Id.* at 6.] "After Plaintiff and her parents complained of inappropriate sexual harassment and bullying, the student body, as well as parents and friends, continued to verbally and physically harass and frighten Plaintiff as she moved in and out of classrooms, through hallways, and around the Defendant's campus, including in the gym, and athletic fields,

1

both during and after school." [*Id.* at 7.] She states that Defendant was deliberately indifferent in responding "to a student-on-student sexual (exploitation) conduct and subsequent sex-based harassment and bullying. Defendant['s] failure to promptly and appropriately investigate and respond subjected Plaintiff to further sexual harassment and a hostile environment, effectively denying her access to educational opportunities." [*Id.* at 1.]

Plaintiff states that Defendant does not object to the *Motion to Proceed Under Pseudonym*. As the Motion is not opposed, it is subject to a summary ruling. S.D. Ind. L.R. 7-1(c)(5).

## II. Legal Standard

There is a strong presumption in favor of open proceedings in which all parties are identified, but federal courts also have discretion to allow a plaintiff to proceed by anonymous name. *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 139 (S.D. Ind. 1996). The presumption that parties' identities will be public information can be rebutted, however, by showing that the harm to the plaintiff exceeds the likely harm from concealment. *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004).

This Court has "an independent duty" to determine whether "exceptional circumstances" exist to justify a departure from the typical method of proceeding in federal court under a party's real name. *Id.* at 669–70. The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right that outweighs the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Does v. City of Indianapolis, Ind.*, No. 1:06-cv-865-RLY-WTL, 2006 WL 2289187, at *1–2 (S.D. Ind. Aug. 7, 2006). In determining whether to allow a plaintiff to proceed anonymously, the non-exhaustive factors articulated in *EW v. New York Blood Center* are helpful:

2

> (1) whether the plaintiff is challenging governmental activity or an individual's actions; (2) whether the plaintiff's action requires disclosure of information of the utmost intimacy; (3) whether the action requires disclosure of the plaintiff's intention to engage in illegal conduct; (4) whether identification would put the plaintiff at risk of suffering physical or mental injury; (5) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously; and (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.

213 F.R.D. 108, 111 (E.D.N.Y. 2003); *see also Doe v. Ind. Black Expo*, 923 F. Supp. at 140 (applying nearly identical five-factor test). Discretion when applying this test lies with the district court. *K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997).

Factors two, four, five, and six are relevant to the Court's analysis and strongly weigh in favor of anonymity. The Court will discuss these factors below.

### III.    Discussion

The second factor strongly weighs in favor of Plaintiff's request, which is demonstrated by the intimate details set forth in the Complaint, including the sexual nature of the images and videos of Plaintiff, as well as Plaintiff's allegations of sexual harassment and bullying.

The fourth factor lends support for anonymity as well. If Plaintiff's identity is revealed, Plaintiff could risk suffering additional injury. Plaintiff argues that she "has already been forced to leave Lebanon Community School Corporation. Publication of her name could cause her to suffer further damage from being stigmatized by [her] community and denied access to needed services." [Dkt. 15 at 3.]

Under factor five, Defendant is not prejudiced because it will have access to Plaintiff's personal information during the course of trial. Additionally, Defendant has not opposed this motion, which is further evidence that its interest is satisfied. Thus, this factor favors Plaintiff's request.

Lastly, allowing Plaintiff to remain anonymous will not interfere with the ability of the public to ascertain the status of this case. Plaintiff's anonymity will not hurt the public interest in guaranteeing open access to proceedings, as the record will not be sealed. Moreover, "[t]he courtroom proceedings will remain open, subject to the least intrusive means possible of protecting the identities of the parties and witnesses. The actual identit[y] of Plaintiff . . . [is] of minimal value to the public." *Doe v. Purdue Univ.*, 321 F.R.D. at 343.

Despite the fact that the Seventh Circuit has expressed disapproval of anonymous litigants, in this case, it is appropriate for this Court to conclude that Plaintiff's need for anonymity outweighs the presumption of openness in judicial proceedings. This decision is appropriate because this case requires disclosure of intimate details, Plaintiff would suffer additional harm from disclosure, and the public interest is muted by the fact that the case will still remain a matter of public record.

### IV.    Conclusion

For the reasons discussed above, the Court **GRANTS** Plaintiff's *Motion to Proceed Under Pseudonym* [Dkt. 15]. **IT IS HEREBY ORDERED**:

1. Plaintiff may proceed in this case under the anonymous name of Jane Doe.
2. All exhibits, memoranda, affidavits, and other papers filed with the Court in connection with this action shall be written or redacted so as to exclude Plaintiff's true identity and to refer to Plaintiff by her anonymous name.
3. Any document that contains Plaintiff's actual name or identifying information shall either have the name and identifying information redacted prior to filing, or shall be filed under seal.

4. Defendant's counsel, Defendant, Defendant's agents, Defendant's employees, Defendant's assigns, or any other recipients of the actual name, shall not further disclose the name to anyone, including without limitation to the public, to law enforcement, or the media, without leave of the Court.

5. Defendant's counsel, Defendant, Defendant's agents, Defendant's employees, Defendant's assigns, and all other recipients of the true name shall use the name for purposes of this litigation only. They shall not use the actual name or identity of the Plaintiff for any other purpose.

6. The provisions of this Order shall survive the termination of the litigation.

SO ORDERED.

Dated: 18 JUL 2019

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Brent R. Borg
CHURCH CHURCH HITTLE & ANTRIM (Fishers)
bborg@cchalaw.com

Kaitlyn Elizabeth Collyer
CHURCH CHURCH HITTLE ANTRIM
kcollyer@cchalaw.com

Kent M. Frandsen
PARR RICHEY FRANDSEN PATTERSON KRUSE, LLP (Lebanon)
kfrandsen@parrlaw.com

Andrew Anthony Manna
CHURCH CHURCH HITTLE & ANTRIM (Noblesville)
andrew@cchalaw.com

Brett Errol Osborne
HOCKER & ASSOCIATES LLC
bosborne@hockerlaw.com

Michael L. Schultz
PARR RICHEY FRANDSEN PATTERSON KRUSE, LLP(Indianapolis)
mschultz@parrlaw.com