UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JANE DOE,

                    Plaintiff,

     v.                             Case No: 1:19-cv-02242-RLY-MJD

LEBANON COMMUNITY SCHOOL
CORPORATION,

                    Defendant.

---

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Lebanon Community School Corporation (the "School"), by counsel, hereby submits its Answer to Plaintiff's Complaint and Affirmative Defenses as follows:

*This cause of action arises from Defendant's deliberately indifferent response to a student-on-student sexual (exploitation) conduct and subsequent sex-based harassment and bullying. Defendants' failure to promptly and appropriately investigate and respond subjected Plaintiff to further sexual harassment and a hostile environment, effectively denying her access to educational opportunities. This action alleges violations of Title IX and the denial of equal protection of the laws under the Fourteenth Amendment to the U.S. Constitution.*

**ANSWER**: The School admits that Plaintiff alleges claims against the School for alleged violations of Title IX and the Fourteenth Amendment's equal protection clause, but denies that the Plaintiff is entitled to any relief. The School denies any remaining allegation contained in this paragraph of Plaintiff's Complaint.

## I. JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, which gives district court's jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

**ANSWER:** Admitted.

2.      This Court also has subject matter jurisdiction This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which gives district courts original jurisdiction over (a) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any State Law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of the civil rights.

**ANSWER:** Admitted.

3.      Plaintiff brings this action to redress a hostile educational environment pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), as more fully set forth herein.

**ANSWER:** The School admits that, as pled, this action is brought pursuant to Title IX of the Education Amendments of 1972, codified at 20 U.S.C. §§ 1681 *et seq.* The School denies any remaining allegation in paragraph 3 of Plaintiff's Complaint.

4.      This is also an action to redress the deprivation of Plaintiff's constitutional rights under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983.

**ANSWER:** The School admits that, as pled, this action is brought pursuant to 42 U.S.C. section 1983, and is premised on the rights secured by the Fourteenth Amendment's equal protection clause. The School denies any remaining allegation in paragraph 4 of Plaintiff's Complaint.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1392(b), since all defendants reside or resided in this district and the events giving rise to the claims occurred in this district.

**ANSWER:** Admitted.

## II. THE PARTIES

6.      Plaintiff is a female and was a minor until she turned eighteen (18) in December 2018.

**ANSWER:** The School admits that Plaintiff is a female. The School is without sufficient information to admit or deny the remaining allegations contained in paragraph 6 of Plaintiff's Complaint and therefore denies the same.

7.      At all material times Plaintiff was a resident of the County of Boone, State of Indiana.

**ANSWER:** The School admits that Plaintiff was a resident of Boone County during her enrollment with the School from approximately August 2009 to June 2016. The School denies any remaining allegation in paragraph 7 of Plaintiff's Complaint.

8.      At the time of events complained of herein, Plaintiff was a student attending middle and high school within the Defendant LEBANON COMMUNITY SCHOOL CORPORATION ("LCSC").

**ANSWER**: The School admits that Plaintiff was enrolled with the School from approximately August 2009 to June 2016. The School denies any remaining allegation in paragraph 8 of Plaintiff's Complaint.

9.      The Defendant is a public educational institution located in the County of Boone, State of Indiana.

**ANSWER:** The School admits it is a school corporation as defined by Indiana Code section 20-18-2-16. The School denies any remaining allegation in paragraph 9 of Plaintiff's Complaint.

10.     At all material times, John Doe was a student attending a LSCS School(s).

**ANSWER:** The School admits that the person it believes Plaintiff is referring to as John Doe was enrolled at the School from approximately August 2004 to June 2017. The School denies any remaining allegation in paragraph 10 of Plaintiff's Complaint.

### III. APPLICABLE LAW AND POLICY

11.     Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681(a), states that

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefit of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance. . . .

**ANSWER:** The statute speaks for itself. The School denies any remaining allegation in paragraph 11 of Plaintiff's Complaint.

12.     Title IX is implemented through the Code of Federal Regulations. *See* 34 C.F.R. Part 106.

**ANSWER: Admitted.**

13.     34 C.F.R. § 106.8(b) provides:

> . . . A recipient shall adopt and publish grievance procedures providing for prompt and equitable resolution of student and employee complaints alleging any action which would be prohibited by this part.

**ANSWER:** The regulation speaks for itself. The School denies any remaining allegation in paragraph 13 of Plaintiff's Complaint.

14.     In *Gebser v. Lago Vista Independent School District*, 524 U.S. 274 (1988), the United States Supreme Court recognized that a recipient of federal educational funds intentionally violates Title IX, and is subject to a private damages action, where the recipient is "deliberately indifferent" to known acts of teacher-student discrimination.

**ANSWER:** The case speaks for itself. The School denies any remaining allegation in paragraph 14 of Plaintiff's Complaint.

15.     In *Davis v. Monroe County Board. of Education*, 526 U.S. 629 (1999), the United States Supreme Court extended the private damages action recognized in *Gebser* to cases where the harasser is a student, rather than a teacher.

**ANSWER:** The case speaks for itself. The School denies any remaining allegation in paragraph 15 of Plaintiff's Complaint.

16.     *Davis* held that a complainant may prevail in a private Title IX damages action against a school district in cases of student-on-student harassment where the funding recipient is

a.  deliberately indifferent to sexual harassment of which the recipient has actual knowledge, and

b.  the harassment is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school.

*Davis*, 526 U.S. at 1669–76.

**ANSWER:** The case speaks for itself. The School denies any remaining allegation in paragraph 16 of Plaintiff's Complaint.

17.     The Fourteenth Amendment to the United States Constitution provides in pertinent part that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

**ANSWER:** The Amendment speaks for itself. The School denies any remaining allegation in paragraph 17 of Plaintiff's Complaint.

18.     I.C. 20-23-8, as may be amended from time to time, provides for Student Discipline procedures, including, but not limited to, Bullying (I.C. 20-33-80.2), Duty and Powers of School Corporation to supervise and discipline students (I.C. 20-33-8-8, Disciplinary powers of teachers and school staff members (I.C. 20-33-8-9), Disciplinary powers of principals (I.C. 20-33-8-10), Disciplinary powers of superintendents and administrative staff members (I.C. 20-33-8-11), Discipline rules prohibiting bullying required (I.C. 20-33-8-13.5), Grounds for suspension or expulsion (I.C. 20-33-8-14), unlawful activity by student (I.C. 20-33-8-15), and Additional disciplinary actions authorized (I.C. 20-33-8-25), that must be complied with by LCSC.

**ANSWER:** The statutes speak for themselves. The School denies any remaining allegations in paragraph 18 of Plaintiff's Complaint.

19.     The Defendant, through its Board of Trustees, adopted Bylaws and Policies, which include Anti- harassment (4362), Anti-bullying policies (5517.01), Personal Communications Devices (5136), Important Notice to Students and Parents Regarding Cell Phone Content and Display (5136.02), Student Sexual harassment (5517.02), Search and Seizure (5771) and Computer Technology and Networks (7540) and a School Handbook, that were applicable at the time of the events complained of herein.

**ANSWER:** The School admits that it maintains certain Board policies that are accessible from the School's website, including those cited in paragraph 19 of Plaintiff's Complaint. The School denies any remaining allegations in paragraph 19 of Plaintiff's Complaint.

### IV. COMMON ALLEGATIONS

20.     At all material times, LCSC was receiving federal funding, as contemplated by Title IX, 20 U.S.C. § 1681, *et seq.*

**ANSWER:** The School admits that it was a recipient of federal funding while Plaintiff was enrolled with the School. The School denies any remaining allegation in paragraph 20 of Plaintiff's Complaint.

21.     Defendant, *inter alia*, through its Board of Trustees, implemented and executed policies and customs in regard to the events that resulted in the deprivation of Plaintiff's constitutional, statutory, and common-law rights.

**ANSWER:** The School admits that it maintains certain Board policies that are accessible from the School's website, including those cited in paragraph 19 of Plaintiff's Complaint. The School denies any remaining allegations in paragraph 21 of Plaintiff's Complaint.

22.     Defendant is responsible for ensuring that all its employees are properly trained and supervised to perform their jobs.

**ANSWER:** Deny.

23.     Defendant is responsible for the acts and omissions of its employees and trustees.

**ANSWER:** Deny.

24.     At the time of the initial incidents that gave rise to the events complained of herein, Plaintiff was a 12-year-old, 7th grade student at Lebanon Middle School ("LMS").

**ANSWER:** The School admits that Plaintiff attended Lebanon Middle School from approximately August 2012 to June 2015. Defendant denies any remaining allegation in Paragraph 24 of Plaintiff's Complaint.

25.     At the time of the initial incidents that gave rise to this action, student "John Doe" was in his freshman year at Lebanon High School and was a prominent athlete at Lebanon High School, and his father was a teacher/coach employed by Defendant.

**ANSWER:** The School admits that the person it believes Plaintiff has identified as John Doe attended Lebanon High School from approximately August 2012 to June 2017. The School further admits that John Doe's father served as a volunteer coach for several sports at the middle school and high school from approximately March 2010 to June 2016. The School denies any remaining allegation in paragraph 25 of Plaintiff's Complaint.

26.     In August, 2014, John Doe, while participating in a LCSC sanctioned and supported event (football camp), coerced the 12 year old Plaintiff into providing nude images, via electronic device, while he was at the event, and kept and shared those images with other students.

**ANSWER:** The School admits that in approximately Spring 2016, it became aware of an alleged incident that occurred in approximately 2014 involving the dissemination of a nude video of Plaintiff and that this incident was investigated by the Lebanon Police Department. The School is without sufficient information to admit or deny the remaining allegations in paragraph 26 of Plaintiff's Complaint and therefore denies the same.

27.     Thereafter, the Plaintiff's parents reported the incident to the Lebanon Police Department (for, inter alia, dissemination of child pornography), who in turn notified Defendant.

**ANSWER:** The School admits that in approximately Spring 2016, it became aware of an alleged incident that occurred in approximately 2014 involving the dissemination of a nude video of Plaintiff and that this incident was investigated by the Lebanon Police Department. The School denies any remaining allegation in paragraph 27 of Plaintiff's Complaint.

28.     Defendant relied on the Police Investigation and/or other governmental agency investigations, and conducted a cursory investigation, if any at all, into the matter; however, Jane Doe and her family were never contacted or interviewed, and Jane Doe or her parents were not advised of the outcome of any investigation(s), including any punishment or the discovery of additional videos, despite actual knowledge of additional videos, or the status of the known video(s).

**ANSWER:** Deny.

29.     The Defendant, through its employees, knew that said event(s) were continuing to hold the attention of the student body.

**ANSWER:** Deny.

30.     To the best of Plaintiff's understanding, Defendant kept no notes from any interviews of any investigation, if one was conducted, and did not punish any student nor review or confiscate any videos. Furthermore, as later discovered, the alleged video(s), as well as other salacious video of the Plaintiff, which were know by Defendant but not disclosed to Plaintiff or her parents, were maintained by students and not requested, demanded to be removed or even investigated by Defendant.

**ANSWER:** Deny.

31.     Thereafter, Defendant placed the Plaintiff in a school activity coached and supervised by a parent of the male student involved in the video event(s).

**ANSWER:** Deny.

32.     On or about March 7, 2016, several students, while in class at Defendants' High School on their unauthorized electronic devices, were in possession of and sharing videos depicting the Plaintiff in sexual situations, and that said videos were done at or near the time of the 2014 video(s).

**ANSWER:** The School admits that on or about March 7, 2016, a teacher at Lebanon High School discovered that two students in the teacher's classroom were viewing an inappropriate video that depicted Plaintiff. The School denies any remaining allegation in paragraph 32 of Plaintiff's Complaint.

33.     In response to the foregoing, Defendants indicated they would not conduct a thorough investigation, but rather would defer to the police and/or other governmental Investigation(s) of the matter, and then failed and/or refused to reveal the results of their or any investigative outcome, including punishment, to the Plaintiff or Plaintiff's parents.

**ANSWER:** Deny.

34.     After Plaintiff and her parents complained of inappropriate sexual harassment and bullying, the student body, as well as parents and friends, continued to verbally and physically harass and frighten Plaintiff as she moved in and out of classrooms, through hallways, and around the Defendant's campus, including in the gym, and athletic fields, both during and after school.

**ANSWER:** The School admits that during Spring 2016, it had several discussions with Plaintiff, Plaintiff's parents, and Plaintiff's sister regarding difficulties Plaintiff and her family were experiencing as result of alleged dissemination of the video. The School further admits that those discussions included ways to help Plaintiff manage the school day and that the parents

agreed to several accommodations for Plaintiff, such as allowing her to leave early and eat lunch away from other students. The School denies any remaining allegation in paragraph 34 of Plaintiff's Complaint.

35.     Students noted that John Doe appeared not to have been disciplined and concluded that Plaintiff was lying or exaggerating regarding the sexual conduct.

**ANSWER:** The School is without sufficient information to admit or deny the allegations in paragraph 35 of Plaintiff's Complaint and therefore denies the same.

36.     Students began to sexually harass Plaintiff on the internet as well as in school.

**ANSWER:** The School admits that following the teacher's discovery of the video on or about March 7, 2016, Plaintiff and her parents made several reports to Lebanon High School's administration about inappropriate conduct by certain students. The School denies any remaining allegation in paragraph 36 of Plaintiff's Complaint.

37.     Other students posted vulgar, demeaning, derogatory and harassing messages to and about Plaintiff on social media.

**ANSWER:** The School admits that following the teacher's discovery of the video on or about March 7, 2016, Plaintiff and her parents made several reports to Lebanon High School's administration about inappropriate conduct by certain students. The School denies any remaining allegation in paragraph 37 of Plaintiff's Complaint.

38.     The electronically transmitted harassment questioned Plaintiff's integrity, and sexual behavior, and her character for bringing the events to the attention of school officials.

**ANSWER:** The School admits that following the teacher's discovery of the video on or about March 7, 2016, Plaintiff and her parents made several reports to Lebanon High School's

administration about inappropriate conduct by certain students. The School denies any remaining allegation in paragraph 36 of Plaintiff's Complaint.

39.     Plaintiff's mother continually reported the bullying and harassment to Defendant.

**ANSWER:** The School admits that it had several discussions with Plaintiff's parents during Spring 2016 regarding difficulties Plaintiff was experiencing. The School further admits that those discussions included ways to help Plaintiff manage the school day and that the parents agreed to several accommodations for Plaintiff, such as allowing her to leave class early and eat lunch away from other students. The School denies any remaining allegation in paragraph 39 of Plaintiff's Complaint.

40.     The continual and vicious bullying and harassment caused Plaintiff to withdraw from other students and the academic environment.

**ANSWER:** The School is without sufficient information regarding Plaintiff's perceived withdrawal from other students and the academic environment, as well as her perceived motivations for doing so, and therefore denies the same. The School denies any remaining allegation in paragraph 40 of Plaintiff's Complaint.

41.     The Defendant, through its employees, told Plaintiff and Plaintiff's parents that they would not further investigate the electronically stored and distributed sexually explicit material because such investigation was not permitted.

**ANSWER:** Deny.

42.     The Defendant's decision not to investigate the electronically stored harassment material is contrary to Defendant's Bylaws and Policies and Title IX.

**ANSWER:** Deny.

43.     On numerous occasions using telephone, email, and personal meetings throughout, Plaintiff's parents advised Defendant's employees of hostility Plaintiff was confronting in school. They asked the Principal and Student Resource Officer on multiple occasions to make changes to ensure that the harassment and bullying of Plaintiff would stop, that she would have a safe educational environment, and that her education could continue without disruption.

**ANSWER:** The School admits that it had several discussions with Plaintiff's parents during Spring 2016 regarding difficulties Plaintiff was experiencing as a result of alleged dissemination of the video. The School further admits that those discussions included ways to help Plaintiff manage the school day and that the parents agreed to several accommodations for Plaintiff, such as allowing her to leave class early and eat lunch away from other students. The School denies any remaining allegation in paragraph 43 of Plaintiff's Complaint.

44.     Defendant's responsive action was limited to telling Plaintiff to document ongoing and future problems by reporting future incidents and making a note of any witnesses.

**ANSWER:** Deny.

45.     Each time Plaintiff documented and reported ongoing problems to Defendant, Defendant took no remedial measures, despite having notice that Plaintiff continued to experience sex-based harassment and bullying in school.

**ANSWER:** Deny.

46.     Plaintiff's parents raised as a possibility that the Defendant could enforce its existing sports code of conduct, which policy revoked student athletes' privilege of playing sports under situations such as those set forth herein.

**ANSWER:** Deny.

47.     Because Defendant never investigated, properly or at all, Plaintiff's allegations and never notified her of any responses by John Doe, or the students accessing the subject sex-based videos, Plaintiff never had the opportunity to rebut those attacks/allegations.

**ANSWER:** Deny.

48.     On information and belief, Defendant "negotiated away," at Plaintiff's expense, the school's compliance with its statutory responsibility under Title IX and constitutional rights impropriety.

**ANSWER:** Deny.

49.     Defendant refused to provide any investigative findings to Plaintiff or Plaintiff's parents, and never notified them of any appellate recourse.

**ANSWER:** Deny.

50.     Plaintiff's personal damages include those arising from her psychological distress, loss of standing in her community, and damage to her reputation.

**ANSWER:** Deny.

51.     Plaintiff suffered sex-based harassment and bullying that was severe, pervasive, and objectively offensive.

**ANSWER:** Deny.

52.     The sex-based harassment and bullying deprived Plaintiff of access to the educational opportunities or benefits of the school.

**ANSWER:** Deny.

53.     Defendants had the authority to take remedial action to correct the sex-based harassment and bullying.

**ANSWER:** The School admits that it maintains Board policies on student-on-student sexual harassment and bullying. The School further admits that those policies specify the nature and scope of the School's authority to take remedial action in response to incidents of student-on-student sexual harassment or bullying. The School denies any remaining allegation in paragraph 53 of Plaintiff's Complaint.

54.     Defendants had actual knowledge of the sex-based harassment.

**ANSWER:** Deny.

55.     Defendants responded with deliberate indifference to the sex-based harassment.

**ANSWER:** Deny.

56.     Plaintiff became afraid to stay after school to get help from teachers as she had previously done and withdrew from attending after school events.

**ANSWER:** The School is without sufficient information to admit or deny the allegations in paragraph 56 of Plaintiff's Complaint and therefore denies the same.

57.     Plaintiff found it difficult to concentrate in the classroom and frequently became tearful and left class.

**ANSWER:** The School is without sufficient information to admit or deny the allegations in paragraph 57 of Plaintiff's Complaint and therefore denies the same.

58.     Instead of staying in class to receive instruction, Plaintiff spent hours of each school day trying to avoid class and other activities.

**ANSWER:** The School is without sufficient information to admit or deny the allegations in paragraph 58 of Plaintiff's Complaint and therefore denies the same.

59.     Plaintiff required mental health counseling for depression and anxiety to cope with the stress of attending LCSC middle and high schools while being harassed and bullied.

**ANSWER:** The School is without sufficient information to admit or deny the allegations in paragraph 59 of Plaintiff's Complaint and therefore denies the same.

60.     Plaintiff's grades dropped.

**ANSWER:** Deny.

61.     When Plaintiff realized that John Doe would be continuing in Defendant's School with little to no discipline or change in his boundaries for her protection, she was forced to leave the school to avoid the continuing hostile environment.

**ANSWER:** Deny.

62.     The Defendant's response was such that future students in Plaintiff's circumstances would be chilled from reporting sexual harassment.

**ANSWER:** Deny.

63.     As a direct and proximate result of the harassing and bullying educational environment created by Defendants' deliberately indifferent response to the sexual conduct and subsequent harassment and bullying, as well as violations of her Fourteenth Amendment rights, Plaintiff has suffered and continues to suffer psychological damage, emotional distress, loss of standing in her community, and damage to her reputation, and her future relationships have been negatively affected.

**ANSWER:** Deny.

64.     Plaintiff has required ongoing counseling to address her depression and anxiety caused by Defendant's conduct and the resulting harassing/bullying educational environment.

**ANSWER:** The School is without sufficient information to admit or deny the allegations in paragraph 64 of Plaintiff's Complaint and therefore denies the same.

65.     Plaintiff has been deprived of a normal childhood education due to Defendant's conduct and the resulting educational environment.

**ANSWER:** Deny.

66.     Plaintiff has been damaged by missed educational opportunities and her future earning capabilities have been damaged by Defendant's conduct and the resulting hostile educational environment.

**ANSWER:** Deny.

**COUNT I**
**VIOLATION OF TITLE IX**
**AS TO DEFENDANT (20 U.S.C. § 1681, *et seq.*)**
**The School's Deliberate Indifference**
**to Alleged Sexual Harassment &**
**Bullying**

Paragraphs one through 66 are incorporated by reference as if state in full herein.

**ANSWER:** Defendant incorporates its responses to paragraphs 1-66 above.

67.     The sex-based harassment and bullying articulated in the Plaintiffs' General Allegations was so severe, pervasive, and objectively offensive that it deprived Plaintiff of access to educational opportunities or benefits provided by the school.

**ANSWER:** Deny.

68.     The Defendant created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX"), because

     a.   Plaintiff was a member of a protected class (female);

     b.   she was subjected to sexual harassment and bullying in the form of a sexual based conduct by other student(s);

     c.   she was subjected to harassment and bullying based on her sex; and

      d.   she was subjected to a hostile educational environment created by the
Defendant's lack of policies and procedures and failure to properly investigate
and/or address the sexual conduct and subsequent harassment and bullying.

**ANSWER:** The School admits Plaintiff is a member of a protected class. The School denies any remaining allegation in paragraph 68 of the Plaintiff's Complaint.

69.    Defendant had actual knowledge of the sexual conduct and the resulting harassment and bullying of Plaintiff created by its failure to investigate and discipline John Doe, and subsequent viewers and distributors of said inappropriate videos on school premises or during school events, in a timely manner and consistent with its own policy and federal and state law.

**ANSWER:** Deny.

70.    The Defendant's failure to promptly and appropriately respond to the alleged sexual harassment and bullying resulted in Plaintiff, on the basis of her sex, being excluded from participation in, being denied the benefits of, and being subjected to discrimination in the District's education program in violation of Title IX.

**ANSWER:** Deny.

71.    Defendant failed to take immediate, effective remedial steps to resolve the complaints of sexual harassment and bullying, instead acted with deliberate indifference toward Plaintiff.

**ANSWER:** Deny.

72.    Defendant persisted in its actions and inaction even after it had actual knowledge of the harm suffered by Plaintiff.

**ANSWER:** Deny.

73.     Defendant engaged in a pattern and practice of behavior designed to discourage and dissuade students and parents of students who had been sexually harassed and bullied from seeking prosecution and protection and from seeking to have sexual assaults from being fully investigated.

**ANSWER:** Deny.

74.     This policy and/or practice constituted disparate treatment of females and had a disparate impact on female students.

**ANSWER:** Deny.

75.     Plaintiff has suffered emotional distress and psychological damage, and her character and standing in her community have suffered from the harassment fostered as a direct and proximate result of Defendant's deliberate indifference to her rights under Title IX.

**ANSWER:** Deny.

## COUNT II
## 1983 VIOLATION AS TO
## DEFENDANT (42 U.S.C. § 1983)

Paragraphs one through 65 are incorporated by reference as if state in full herein.

**ANSWER:** Defendant incorporates its responses to paragraphs 1-75 above.

76.     Under the Fourteenth Amendment, Plaintiff had the right as a public school student to personal security and bodily integrity and Equal Protection of Laws.

**ANSWER:** The School admits that in the context of Plaintiff's Section 1983 claim, the Fourteenth Amendment's Equal Protection Clause confers a right to be free from sex discrimination. The School denies any remaining allegation in paragraph 76 of Plaintiff's Complaint.

77.     Defendant, through its employees, subjected Plaintiff to violations of her right to personal security and bodily integrity and Equal Protection of Laws by: failing to investigate John Doe and other students misconduct; failing to appropriately discipline said students; failing to adequately train and supervise; and manifesting deliberate indifference to the sexual harassment and bullying and ongoing harassment of Plaintiff by other students, including John Doe.

**ANSWER:** Deny.

78.     Defendant has and/or had unconstitutional customs or policies of:

    a.   Failing to investigate evidence of criminal and tortious misconduct against its students in the nature of violations of their right to personal security and bodily integrity and;

    b.   Failing to adequately train and supervise employees with regard to maintaining, preserving and protecting students from violations of their right to personal security, bodily integrity, and Equal Protection of the Laws.

**ANSWER:** Deny.

79.     On information and belief, Defendant has followed these unconstitutional customs and policies not only with regard to Plaintiff but also with regard to criminal and tortious misconduct committed against other students.

**ANSWER:** Deny.

80.     Defendant's policies and/or practices constituted disparate treatment of females and had a disparate impact on female students.

**ANSWER:** Deny.

81.     Plaintiff has suffered emotional distress and psychological damage, and her character and standing in her community have suffered from the harassment fostered as a direct and proximate result of Defendant's deliberate indifference to her rights under the Fourteenth Amendment.

**ANSWER:** Deny.

**COUNT III**
***MONELL* LIABILITY FOR FAILURE TO TRAIN AND SUPERVISE
AS TO RESPONSE TO SEXUAL ASSAULT
AS TO DEFENDANT (42 U.S.C. § 1983)**

Paragraphs one through 81 are incorporated by reference as if state in full herein.

**ANSWER:** Defendant incorporates its responses to paragraphs 1-81 above.

82.     Defendant's employees were "state actors" working for Defendant, a federally funded school system.

**ANSWER:** The School admits that it has employees and receives federal funds. The School denies any remaining allegations in paragraph 82 of Plaintiff's Complaint.

83.     Defendants employees acted under "color of law" when refusing to respond to Plaintiff's claims, as aforesaid.

**ANSWER:** Deny.

84.     Defendants employees failed to preserve Plaintiff's constitutional right to equal protection as guaranteed by the Fourteenth Amendment.

**ANSWER:** Deny.

85.     Under the Equal Protection Clause of the Fourteenth Amendment, Plaintiff had the right to equal access to an educational environment free from harassment and discrimination.

**ANSWER:** Deny.

86.     Defendant's employees should have known that their response to sexual allegations must comply with federal law, particularly as outlined in Title IX's published and widely promulgated implementing regulations.

**ANSWER:** Deny.

87.     Defendants violated Plaintiff's right to equal access by:

a.  Failing to take immediate and appropriate action to investigate or otherwise determine what occurred once informed of possible sexual harassment and sexual bullying;

b.  Failing to take prompt and effective steps to end the sexual harassment and sexual bullying, prevent its recurrence, and address its effects, whether or not the sexual violence is the subject of a criminal or other governmental agency investigation(s);

c.  Failing to take steps to protect the Plaintiff as necessary, including interim steps taken prior to the final outcome of the investigation;

d.  Failing to provide a grievance procedure for students to file complaints of sexual harassment/bullying. The procedures must include an equal opportunity for both parties to present witnesses and other evidence and the same appeal rights;

e.  Failing to use a preponderance of the evidence standard to resolve complaints of sex discrimination, including harassment and bullying, in grievance procedures; and

f.  Failing to notify both parties of the outcome of the complaint.

**ANSWER:** Deny.

88.     Defendant violated Plaintiff's Fourteenth Amendment right to equal protection by failing to properly train and supervise its employees as to these mandated investigative requirements.

**ANSWER:** Deny.

89.     These policies and/or practices constituted disparate treatment of females and had a disparate impact on female students.

**ANSWER:** Deny.

90.     Defendants' actions and lack of actions were the proximate cause of Plaintiff's emotional distress and psychological damage, and her character and standing in her community have suffered from the harassment fostered as a result of Defendant's deliberate indifference to her right to equal protection under the Fourteenth Amendment.

**ANSWER:** Deny.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant as follows:

A.  Compensatory damages for Plaintiff's psychological and emotional distress and damages, loss of standing in her community, damage to her reputation, and her family's unreimbursed out of pocket expenses incurred in response to these circumstances;

B.  Punitive damages;

C.  Statutory interest;

D.  Costs; and

E.  Reasonable attorney fees.

**ANSWER:** The School denies that Plaintiff is entitled to any relief.

**Affirmative Defenses**

Defendants, by counsel, for their affirmative defenses in response to Plaintiff's

Complaint hereby assert the following:

1.      Plaintiff has failed to state a claim upon which relief can be granted.

2.      Any action the School took regarding Plaintiff was taken in good faith and for

legitimate reasons.

3.      Plaintiff failed to exhaust her administrative remedies prior to filing suit.

4.      Plaintiff is not entitled to attorney fees.

5.      Plaintiff has failed to mitigate damages.

6.      Plaintiff is not entitled to punitive damages.

7.      Plaintiff's claims are barred, in whole or in part, by applicable statute of

limitations.

8.      The School is entitled to qualified immunity.

9.      Any damages award is subject to applicable caps on such damages under federal

or state law.

10.     The School does not consent to trial by jury on any issue not required to be tried

by a jury, including the determination of any equitable remedy.

11.     The School reserves the right to amend this Answer and to assert additional

defenses that may arise in the course of investigation and discovery and further incorporates all

defenses available under Fed. R. Civ. P. 8(c) as if fully set forth herein.

12.     Discovery has not yet begun, and Defendants reserve the right to amend and

revise these Affirmative Defenses.

WHEREFORE, Lebanon Community School Corporation, by counsel, pray that Plaintiff takes nothing by way of her Complaint, for judgment in favor of Defendant, for costs of this action, and for all other relief that is justified in the premises.

Respectfully Submitted,


/s/ Brent R. Borg
Brent R. Borg, Atty. No. 27415-29
Andrew M. Manna, Atty. No. 24290-49
Kaitlyn E. Collyer, Atty. No. 33983-49
CHURCH CHURCH HITTLE + ANTRIM
10765 Lantern Rd, Suite 201
Fishers, IN 46038
BBorg@cchalaw.com
Andrew@cchalaw.com
KCollyer@cchalaw.com

Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 29th day of July, 2019, a true and exact copy of the foregoing was filed electronically via the Court's Electronic filing system. Notice of this filing was sent to the following persons by operation of the Court's Electronic filing system:

Brett Osborne
HOCKER & ASSOCIATES, LLC
6626 E. 75th St., Suite 410
Indianapolis, IN 46250
bosborne@hockerlaw.com

*Counsel for Plaintiff*

Michael L. Schultz
PARR RICHEY FRANDSEN PATTERSON KRUSE LLP
251 N. Illinois Street, Suite 1800
Indianapolis, IN 46204
mschultz@parrlaw.com

*Attorney for Defendant*

Kent M. Frandsen
PARR RICHEY FRANDSEN PATTERSON KRUSE LLP
225 West Main Street
PO Box 668
Lebanon, IN 46052
kfrandsen@parrlaw.com

*Attorney for Defendant*

/s/ Brent R. Borg_____
Brent R. Borg, Atty. No. 27415-29

CHURCH CHURCH HITTLE + ANTRIM
10765 Lantern Road, Suite 201
Fishers, IN 46038